
United States District Court
Northern District of Illinois
Plaintiff: Judge: Samuel-DER
Thomas Whitehead  yeghiayan
Sylvia Mahone Case #: 09-C-5793
Defendant: Title: Medical Needs

FILED
Dec 11, 2009
DEC 11 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Motion for Judgement

This matter is before the court Motion for Judgement in hope, for Civil Rights, Justice, for Humanity. Of this motion for Judgement I hope that the Honorable Samuel-DER yeghiayan grants this motion for Judgement. Benjamin Pruitt v. Stephen D. Mote 1:# I Thomas Whitehead was denied motion for leave to proceed in forma pauperis, Whitehead is given until Nov 5, 2009 To either pay the filing fee, or accurately and properly completed in forma pauperis application. 2# Whitehead has explain to the northern District court that even though it seem to the court I'm able to protect my Rights. But I don't know Civil Rules. #3 The trust fund Administrator James Cunningham refuse me of my trust fund account. Reference Case Benjamin Pruitt v. Stephen D. Mote prisoner brought in forma pauperis action under 1983 alleging that he was sexually assaulted by a prison guard. The United States District Court for the Central District of Illinois. Harold Albert Baker, Senior District Judge entered Judgement, upon jury verdict, in favor of defendents prisoner appealed. The Court of Appeals Easterbrook Chief Judge affirmed. Holding on Rehearing en banc, the Court of appeals Sykes Circuit Judge held that a District Judge has no obligation to reconsider a denial of the request for pro bono counsel, under the ~~~~~~ federal in forma pauperis statute should future events prove the plaintiff less capable. #2 The court abused its discretion in denying motion for pro bono counsel, without analyzing whether prisoner was competent to litigate his claims. #3 District Courts application of incorrect legal standard prejudiced prisoner. District Court reversed and remanded. Pruitt tested at a Reading Level of 8.5 math 3.9 Thomas Whitehead tested 2.4 Reading 3.3 see test Scores. Automatically places a inmate into the basic educational program. From case law which has routinely suggested that pro bono counsel may not be denied if it would result in fundamental unfairness infringing on due process rights. Grill v. Reed 381 f3d 649, 657 7th Cir 2004. The Right to access to the courts protects prisoners from being shut out of court. It dose not exist to enable the prisoner to litigate effectively in court. Lewis v. Casey

I Thomas Whitehead as Pruitt seek counsel, but was refused in response from letters or no respond at all. 1915 "E" "1" may meaning fully be read to legitmize a courts request to represent a poor litigant and therefore to confront a lawyer with an important ethical decsion at 308, 109, S.Ct Hughes V. Joliet Corr. Ctr. Murray 492 U.S. at 11 Howland V. Kilquist 833. f.2d. 639, 646, 7th Cir. McKeever 689, f.2d at 1318, Maclin 650, f.2d at 886. LaClair V. United States, McNeal V. Lawney, Rondel V. Victor Wielding Supply Company. Theses cases was dismissed all I was trying to do is get Counsel to fight for my life and Rights. My Claims of theses Cases, Thomas Whitehead V. Jane Doe Better Known as Stepenie Hones 09-C-3991, Thomas Whitehead V. DR. Zhang 09-C-9343, Thomas Whitehead V. Sylvia Mahone 09-C-5793. The decision whether literacy, communication skills, educational level, and litigation experience, psychological history. My phychological History will show that I tried to kill myself twice in my Evanston Hospital file. Since going through mental and physical suffering I took 12 pills to kill myself. I've also Refused to eat 3 days. I took 20 pills to go to evanston hospital. ZARNES V. Rhodes. The 12 pills I took here at pontiac. See medical records, plaintiff Thomas Whitehead hopes that Judgement will be granted as well as Counsel by this honerble Court.

Respectfully Submitted
Thomas Whitehead

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Date: 10-21-09
Offender: (Please Print) Thomas Whitehead
ID#: B07870

Present Facility: Pontiac
Facility where grievance issue occurred: Pontiac

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): 14 Amendment dut process & Hinderance to Civil procedure

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 10-21-09 I Thomas Whitehead explain to the north house L.T. Gish that I have a court dead line. And that I've forward a Ledger and trust fund document Requesting the business administrator Mr Cunningham to forward me my trust fund balance. After not Receiving a balance of my account. In turn I forward court documents stating that the courts ask of one filing a mandamus or 1983 must be sent with Ledger. L.T. Gish have called and talk with Mr Cunningham while I was present in his office. This is discrimenation against me for filing complaints against M, Pierce's Company.

Relief Requested: I Would like a printout of trust balance.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Whitehead / B07870 / 10/21/09
Offender's Signature / ID# / Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: 10/22/09
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Contacted Trust office they state you were sent 6 month trust account statement on 10-24-09 and 11-2-09.

R. Flex / R. Flex / 12.4.09
Print Counselor's Name / Counselor's Signature / Date of Response

### EMERGENCY REVIEW

Date Received: ___/___/___
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ / ___/___/___
Chief Administrative Officer's Signature / Date

Distribution: Master File; Offender
Page 1
DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper



To Counslor Flex

To Counslor Flex

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** 10-29-09
**Offender (Please Print):** Thomas Whitehead
**ID#:** B07870

**Present Facility:**
**Facility where grievance issue occurred:** Thomas

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Hinderance of 4 Amendment Due process of Civil procedure

- [ ] Disciplinary Report: ___/___/___
  Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On october 2+ I Thomas Whitehead ask James Cunningham for trust fund account balance for my Civil procedures. Time after time Ive exsplain to L.T Gish that I have a Court dead line that I haft to meet. L.T Gish called the Business administrator as well as Janice to make them aware of my dead line. Also MR. Cunningham had have Court documents forward to him showing that I do have Court procedures going forth in the northern U.S. District. I'm confine physically and all I can do

**Relief Requested:** I ask MR James Cunningham send a letter to the Courts of his actions. I wheuld like a account sheet with official signature.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Whitehead         B07870         10, 29, 09
Offender's Signature         ID#         Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

**Date Received:** 11, 2, 09
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** You have already grieved this issue.

R. Flex                    R.Y.            12, 4, 09
Print Counselor's Name     Counselor's Signature     Date of Response

---

### EMERGENCY REVIEW

**Date Received:** ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____     ___/___/___
Chief Administrative Officer's Signature     Date

When the Court ask me to obtain a six month trans action sheet is submitt my Request and Court documents to the Business administrator James Cunningham. With MR Cunningham stagnation delay tactics have hinderd my Civil procedures. I believe I have been discremenated aganist for seeking Civil actions in theses Cases # 09-C-3349 DR Zhang vs Thomas Whitehead and Case # 09-C-3991 Thomas Whitehead vs. Jane doe B.R.A. Stephnevie hones. In statement from northern District of Illinois, United States District Court state as follow, we note that whitehead has filed an application to proceed in forma pauperis, we note that whitehead has filed the application to proceed without payment of fees and Affidavit prepayment appli cation. pursuant to 28 U.S.C. 1915 A prisoner seeking to bring Civil action or appeal a Judgement in a civil action or proceeding without payment of fees or security 1# shall submit a Certified Copy of the trust fund account statement or institutional equivalent for the prisoner for the six month period Immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. 1915 whitehead did not include a Certified Copy of his prison trust fund account. Whitehead submission of prison trust fund account statements " failed to include a Certification by prison officials as Required under 28 U.S.C. 1915. We warned whitehead that " if he failed to either file a accurately and properly inform application form by September 9, 09 Case will be dismiss. And the same for theses Cases as well 09-C-5793 and 09-C-5948 which I submitted Ledger Court documents. where at the bottom of Ledger Clearly states you must send a copy of your trust fund Ledger pursuant to this order. failure to do so will only prevent the processing of your documents per Administrative order 84-19. In doing so I believe this is and was a tactic to get my Civil suits thrown out of Court. This was a plot from the beganing on MR James Cunningham the Business administrator behalf. As well you kept my Court documents and Refuse my many Request. This is and was a plotfull way to violate my Civil procedure. 14 Amend ment Due process

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** Nov 2, 09
**Offender (Please Print):** Thomas Whitehead
**ID#:** B07870
**Present Facility:** Pontiac
**Facility where grievance issue occurred:** Pontiac

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): goverment MAIL.
- [ ] Disciplinary Report: ___/___/___ Date of Report ___ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON NOV 1, I inmate Whitehead sent mail to Teri Anderson in Springfield, as well other mail. On Nov 2, 09 C.O. Weis was working 3:00 to 11:00 shift. I ask C.O. Weis did he have any yellow payment slips he stated he passed all the mail out. This is not my only problem with Margie Habbs and the mail Room. My other issue with the mail Room is my legal mail from the U.S Courts be open and tape closed. I also sent mail out to U.S. President Barack Obama 1600 pennsylvania, Washington DC. 20500. My mail was

**Relief Requested:** I want my pay sheets, that shows my mail went, I want my letter forward to the president, I want my mail to quit being hindered.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

**Offender's Signature:** Thomas Whitehead **ID#:** B07870 **Date:** 11/2/09

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

**Date Received:** 11/3/09
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** If the incoming legal mail is from Clerk of the Court, it can be opened by staff. Per Ms. Haab - mailroom supervisor, she has not logged letter going out to the President

**Print Counselor's Name:** R. Flex
**Counselor's Signature:** R. Flex
**Date of Response:** 12/4/09

---

### EMERGENCY REVIEW

**Date Received:** ___/___/___
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

**Chief Administrative Officer's Signature** ___ **Date** ___/___/___

Distribution: Master File; Offender   Page 1   DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

first of legal mail that was sealed closed. I ask Margie Hobbs where my payment sheet. Mrs. Hobbs stated that I'm a Level "E" And that Major Kinnedy has it. The mail to the president was sent out 10-4-09. Today is Nov 2, 09. Also there no threats, or anything else of danger or harm. If there where, I be ship by now. This is discrimenation Official Conduct on the behalf of Major Kinnedy and Margie as well as the mail Room. This is a tactic to obstruct my views, my voice, which is freedom of speech. I'm pist off already do to stateville, pontiac playing with my health, my life, and the shady acts of criminal activity of I.d.o.c. officials. I'm tired of the doctors stating I will get medical attention for my Syndrome that I've been suffering from since last year 11-17-08. And now you want to use because I'm A Level E that you want to Read my mail and not scan it to see if there are any dangerous contents in it. What mail you ever heard take four weeks to Read. Theses many issue are transparent and anyone can see through it.

ILLINOIS DEPARTMENT OF CORRECTIONS
# OFFENDER'S GRIEVANCE

**Date:** Nov, 10, 09
**Offender:** (Please Print) Thomas Whitehead
**ID#:** B07870

**Present Facility:** Pontiac
**Facility where grievance issue occurred:** Pontiac

## NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** In the many times I've seek to get help and answers from Counselor flex, Regarding my school grades" that Im trying to get. As well ive written grievances and flex Refused to put his reply, and forward back my grievances. Therefore im forwarding this grievance to Counselor hastling. So Now Counselor Hastlings I'm asking of your assistance that you send the grades that ive gotten each time I was in mandatory school. while doing time for the last twenty years in and out of I.D.O.C. system.

**Relief Requested:** I whould like my grades, a printout of my testing Results and my passing grades if any. And I whould like a Reply on my grievances.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Whitehead     B07870     11/11/09
Offender's Signature    ID#      Date

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

**Date Received:** 11/12/09

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** On 9-23-09, I sent your, your 2004 TABE scores. I have enclosed copy of that note. Any further correspondence will not be answered by me

R. Flex         R. Flex         11/12/09
Print Counselor's Name    Counselor's Signature    Date of Response

## EMERGENCY REVIEW

**Date Received:** ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender        Page 1        DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

REF. CASE.

United States District Court, D Massachusetts
Michael Kane plaintiff
V.

David L Winn, Warden F.M.C. Devens
Defendent

NO. CIV. A03 4116 WGY

BACKGROUND: Federal prisoner filed a petition for habeas corpus relief alleging that prison staff improperly denied him proper medical care "in violations of "Bureau of Prisons" regulations and the United States Constitution. #1. Although habeas was not the proper form of action for fed prisoners claims challenging adequacy of medical care. Court whould not dismiss prisoners claims. Prisoner exausted administrative remedies for any claims based on conduct or inaction regarding his request for combination therapy occurring before denial of his filled grievance but did not exhaust administrative remedies with regard to any actions or inaction by the warden or the "BOP" after that date. And as of the date when federal prisoner exhausted his administrative remedies. Prisoner medical treatment for cronic hepatitis C complied with Bureau of prisoners regulations. As of the date when federal prisoner exhausted his administrative remedies Prisoners Medical treatment for chronic hepatitis C complied with BOP regulations. Prisoner did not fall into the category of patients for whom combination therapy was recommended as of that date." Nature monitoring, and treatment of cronic Hepatitis C. A understanding of cronic hep C is necessary to an evaluation of Kanes claim HCV is an RNA virus, transmitted primarily through the "blood" And which attacks the liver. National institutes Health Consensus Department conference statement Management of hep C. It is difficult for the body's immune system to eradicate. It resides in liver cells "hepatocytes" there replicates and causes cell death." Necrosis" Infection becomes chronic if it persists for at least six months NIH statement. Supra the court can infere from the record that Kanes hep B is in fact chronic. Still for the majority of patients the long term progress elatively benign mortality over 10 to 20 years among patients with tranfusion associated chronic hep C has been shown not to differ from mortality in a matched population of transfused patients in whom hep C did not develop.

Classification of chronic hep is based upon, "Its cause, #2 its histologic activity or grade and #3 its progression or stage. The available classification by cause include chronic viral hep. cause by Hep B, Hep B plus D, hep C or potentially other unknown viruses, auto immune hep including sub categories. Types 1, 2, and 3 based on serologic distinctions, drug associated chronic hep. Of the available scoring system the most popular is the Numerical histological Activity Index (HAI) based on the work of Knodell and Ishak. Although the HAI primarly measure grade. It also include assessment of fibrosis, which is currently used to "categorize stage of disease. Theses four features were available" scoring system. Classification by stage reflects the level of progression of the disease "and" is based on the degree of fibrosis, when "fibrosis is so extensive that fibrous septa surround the parenchymal nodules and alter the normal architecture of the liver lobule the histologic lesion is define as cirrhosis. In Kane September 5-02 liver biopsy. Biopsy Report of 9-5-02 interface "hep" or "piecemeal necrosis") is Item B bridging necrosis is Item D focal necrosis is Item C, and portal inflammation in Item A. 0=fibrosis, 1=Mild fibrosis, #2 moderate fibrosis, #3 severe fibrosis, including bridging fibrosis, #4. Cirrhosis. There are several means for determining grade and stage of hep c"- A "physician can obtain" the most complete picture from a biopsy, which allows for direct measurement of fibrosis (To determine stage" and of necrosis) and inflammation "To determine grade" and of necrosis. And gives information of the possible contributions of Iron steatosis and concurrent alcoholic liver disease to the progression toward cirrhosis. See chronic hep" NIH statement SUPRA. The appropriate interval between biopsies is yet to be determined. NIH Statement-loop guidelines suggest an interval of one to five years for patients with minimal fibrosis and marked hepatocellular inflammation and necrosis. Federal Bureau of Prisons Clinical pratice guidelines for the prevention and treatment of viral hepatitis Feb 2003. "A second series of tools measures the levels of HCV in the body" providing a qualitative or quantitative measue of levels of Anti bodies against the virus. The enzyme immunoassay EIA) for example is a reproducible inexpensive And the FDA Approved means diagnosing "HCV" Infection suitable for screening at risk populations and recommend at the Initial test for patients with clinical liver disease. High levels of HCV load indicate Infection. But say little about how likely the disease is to progress or about how far it has progressed.

Classification & Monitoring of chronic Hep C.

The court begins with the claim that the ## THE NATURE OF KANES CASE
warden has violated "BOP Regulations with the BOP acquiescence. There is suprisingly little case law on whether and to what extent fed prisoners can obtain relief in a judicial forum for violations of BOP Regulations. In this case anyway proceeding as if Kane had correctly plead his action is the better course. First the court has already had this case for over a year, and the added value, if permitting amendment of pleadings and additional filings whould justify further delay. Second the primary dispositive task in this case involves analysis of facts already submitted not resolution of intricacies in civil rights law. Third the parties arguments center around two issues that whould be essentially identical whether the case were treated as a habeas case or a civil rights case. Exhaustion of administrative remedies a legal adequacy of the medical treatment "Kane" is receiving. The court cannot think of a single important argument that the warden whould have raised, had he known he was defending against a Bivens action rather then a habeas petition. Fourth the only party who whould potentially be prejudiced by the court failure to take the amendment route is the warden, but as it happens the courts decision runs in his favor anyway. In reading in the text of the denials of Kanes appeals, up to and including the last denial on Sept 20, 01, the courts finds that the reviewing actions taken since the filing of the May 29, 2001 grievance, and that they did so. The court therefore holds that Kane has exhausted administrative remedies for any claims based on conduct or inaction regarding his request for combination therapy ocurring before Sept 20, 2001. The rationale behind exhaustion requirments is to give the relevant decisionmaker in opportunity to correct any errors or legal wrongs committed therapy ocurring before Sept 20, 2001. The rationale behind exhaustion.] And the BOP had the oppourtunity to do that for any relevant grievances that Kane had as of Sept 20, 2001 Kane has not exhausted administrative remedies with regard to any actions or inaction by the warden or the BOP after that date however. He has not even sought administrative review. Kanes argues that he need not exhaust administrative remedies, because grave harm is threatened, and invocation of administrative remedies whould be futile.